**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES COCKERHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2951** |
| **O. KENT ANDREWS, WARDEN** | **SECTION "F"(5)** |

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

On June 3, 2002, petitioner, James Cockerham, a prisoner incarcerated in Allen Correctional Center, Kinder, Louisiana, was

charged by bill of information with armed robbery.[1]  On July 30, 2002, Cockerham proceeded to trial by jury in Orleans Parish Criminal District Court and was found guilty of first degree robbery.[2]  On October 8, 2002, the trial court sentenced Cockerham to imprisonment for a term of 20 years with credit for time served and without benefit of parole, probation or suspension of sentence. On that same date, the State filed a multiple offender bill of information against Cockerham, charging him as a second felony offender.  Cockerham pled guilty to the multiple bill and, on that same date, the trial court vacated the original sentence and resentenced Cockerham as a second felony offender to serve 20 years incarceration without benefit of parole, probation or suspension of sentence with credit for time served.[3]

On March 19, 2003, pursuant to Cockerham's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed Cockerham's conviction and sentence.  State v. Cockerham, 841 So.2d 106 (Table), 2002-KA-2440 (La. App. 4 Cir. 2003) (unpublished

---

[1]A copy of the pertinent bill of information is contained in the State rec., vol. 1 of 4.

[2]See State rec., vol. 1 of 4, docket master.

[3]See State rec., vol. 1 of 4, docket master.  A copy of Cockerham's October 8, 2002 sentencing transcript is contained in the State rec., vol. 4 of 4.

opinion).[4]   Thereafter, Cockerham did not apply for rehearing nor did he seek review with the Louisiana Supreme Court.   Thus, under the provisions of La.C.Cr.P. art. 922, Cockerham's conviction and sentence became final 14 days later, on April 2, 2003, when the delay for applying for rehearing expired.[5]

On or about April 20, 2005, counsel filed on Cockerham's behalf an application for post-conviction relief with the state district court.[6]   On August 8, 2005, the state district court issued Judgment providing:

> This matter is before the court by an application for post-conviction relief.   Counsel for defendant appeared to file this application on behalf of the defendant.   Counsel was advised that the application was not in proper form.   This application still does not properly comply with the requirements of La.C.Cr.P. art. 926.
> IT IS ORDERED that Petitioner's application is

---

[4]A copy of the Louisiana Fourth Circuit's unpublished opinion is contained in the State rec., vol. 2 of 4.

[5]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
 A.  Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
 B.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[6]A copy of Cockerham's post-conviction application is contained in the State rec., vol. 1 of 4.

denied.[7]

Cockerham did not seek review of the state district court's adverse Judgment.

On or about July 12, 2006, counsel filed on Cockerham's behalf a second application for post-conviction relief with the state district court.[8]  On December 20, 2007, the state district court denied Cockerham relief.[9]  On April 10, 2008, the Louisiana Fourth Circuit Court of Appeal denied Cockerham's related writ application, providing: "The trial court correctly denied the relator's writ application on procedural grounds.  Therefore, the ruling of the trial court is affirmed."  State v. Cockerham, No. 2008-K-0084 (La. App. 4 Cir. 2008) (unpublished opinion).[10] Similarly, on September 4, 2009, the Louisiana Supreme Court denied Cockerham relief.  State ex rel. Cockerham v. State, 17 So.3d 956 (La. 2009).

On February 19, 2009, while his second state post-conviction application was pending, Cockerham filed with the state district

---

[7]A copy of the state district court's August 8, 2005 Judgment is contained in the State rec., vol. 1 of 4.

[8]A copy of Cockerham's second post-conviction application is contained in the State rec., vol. 1 of 4.

[9]See State rec., vol. 1 of 4, docket master.

[10]A copy of the state appellate court's unpublished decision is contained in the State rec., vol. 3 of 4.

court a motion to correct an illegal sentence.[11]  On June 15, 2009, Cockerham, having failed to receive a ruling from the state district court in connection with his motion to correct an illegal sentence, filed a writ of mandamus with the Louisiana Fourth Circuit requesting that the state appellate court direct the lower court to rule on his motion.[12]  On July 6, 2009, the Louisiana Fourth Circuit, construing Cockerham's pleading as an application for supervisory relief, denied Cockerham's writ application, providing: "Consideration of the claim raised by relator in his motion to correct an illegal sentence is barred post-conviction. State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.  We therefore deny his request for a writ of mandamus." State v. Cockerham, No. 2009-K-0840 (La. App. 4 Cir. 2009) (unpublished opinion).[13]  On June 4, 2010, the Louisiana Supreme Court denied Cockerham's related writ application, providing:

---

[11]A copy of Cockerham's motion to correct an illegal sentence is contained in the State rec., vol. 4 of 4.  As the pleading contained in the record is neither dated nor date-stamped, the filing date of February 19, 2009 is based upon Cockerham's representation, set forth in his Traverse (rec. doc. 10, p. 4), that he filed his motion to correct an illegal sentence with the state district court on February 19, 2009.

[12]A copy of Cockerham's writ of mandamus is contained in the State rec., vol. 4 of 4.

[13]A copy of the state appellate court's unpublished decision is contained in the State rec., vol. 4 of 4.

"Denied.   Untimely  and  not  cognizable  on  collateral  review.
La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.
9/5/95),  660  So.2d  1189;  La.C.Cr.P.  art.  930.3;  State  ex  rel.
Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172." State ex
rel. Cockerham v. State, 38 So.3d 297 (La. 2010).

On August 19, 2010, Cockerham filed the instant habeas corpus
action.[14]  Under the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), a petitioner has one year within which to bring
his habeas corpus action pursuant to 28 U.S.C. §2254, with this one
year period commencing to run from "the latest of" either the date
the petitioner's state judgment became final or the expiration of
his time for seeking review.[15]   See 28 U.S.C. §2244(d)(1) (West
2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In

---

[14]This August 19, 2010 filing date was ascertained via the
Court's use of the "mailbox rule."  Under this rule, a pleading
filed by a prisoner acting pro se is considered to be filed for
prescriptive purposes on the date it is delivered to prison
officials for mailing.  Cooper v. Brookshire, 70 F.3d 377, 379
(5th Cir. 1995).  Generally, the date a prisoner signs his
petition is presumed to be the date he delivered it to prison
officials for mailing and, therefore, the filing date.  Colarte
v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that
petitioner turned his habeas corpus application over to prison
officials for delivery to this Court on the date he signed his
application).

[15]The AEDPA applies to this case as it was filed after the
enactment of the AEDPA, or after April 24, 1996.  Lindh v.
Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481
(1997).

6

this case, Cockerham's judgment became final on April 2, 2003, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended April 18, 2003, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired.[16]  Thus, Cockerham had a year from April 18, 2003, until April 18, 2004, to timely seek federal habeas corpus relief.

Cockerham did not file the instant action until August 19, 2010, over six years after his limitation period expired.  Thus, Cockerham's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted earlier, Cockerham, on April 25, 2005, filed an

---

[16]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:

    An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

application for post-conviction relief with the state district court.  At that point, however, Cockerham was over a year beyond his one-year prescriptive period.   Thus, absent a basis for equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), the instant matter is time barred.

In his Traverse (rec. doc. 10, p. 4), Cockerham suggests that his federal prescriptive period was tolled and, therefore, his habeas petition is not time barred, by virtue of his timely filing of a motion to correct an illegal sentence with the state trial court.  According to Cockerham, because he filed a motion to correct an illegal sentence, "alleging that the court which accepted his guilty plea on January 25, 1995, did not comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)", rather than an application for post-conviction relief, the pleading was not subject to the time constraints set forth under La.C.Cr.P. art. 930.8, but rather, was subject to the provisions of La.C.Cr.P. art. 882 which provides that illegal sentences "may be corrected at any time...." (Rec. doc. 10, p. 5).  As such, contrary to the erroneous determination

8

on the part of "the Louisiana Court of Appeal, Fourth Circuit", his motion, submitted to the trial court on February 19, 2009, was not untimely.  (Rec. doc. 10, p. 6).[17]

For the following reasons, Cockerham is not entitled to any tolling, equitable or otherwise, as a result of the filing of his motion to correct an illegal sentence.  First, Cockerham's February 19, 2009 motion to correct an illegal sentence was not timely filed.  In State v. Parker, 711 So.2d 694 (La. 1998), "the Louisiana Supreme Court held that an inmate's motion to correct illegal sentence raising trial error should be construed as an application for post-conviction relief subject to limitations period defined by art. 930.8 and not the open ended limitations period for filing a motion to correct illegal sentence pursuant to La.C.Cr.P. art. 882." Benton v. Warden, Allen Correctional Center, 2010 WL 1251652, *1 n.2 (W.D. La. Feb. 19, 2010) (Hayes, M.J.); see also Rodriquez v. Rader, 2010 WL 5598332, *1 (E.D. La. Nov. 5, 2010) (Wilkinson, M.J.).  Second, even if Cockerham's February 19, 2009 motion had been timely filed, it would not toll his federal prescriptive period, thereby rendering the instant habeas petition

---

[17]A review of the pertinent state court decisions reflects that it was actually the Louisiana Supreme Court which specifically determined that Cockerham's motion was untimely, citing "La.C.Cr.P. art. 930.8" in support of its determination. See State ex rel. Cockerham, 38 So.3d 297.

timely.  See <u>Magee v. Cain</u>, 2000 WL 1023423, *4 (E.D. La. July 24, 2000) (Duval, J.), <u>affirmed</u>, 253 F.3d 702, 2001 WL 498971 (5th Cir. 2001) (A timely application for state post-conviction relief, in accordance with La.C.Cr.P. art. 930.8, filed after the expiration of the AEDPA's one-year statute of limitations "cannot convert Magee's federal writ of habeas corpus into a timely filed petition. Therefore, the Court finds that Magee's application for post-conviction relief did not toll the AEDPA's one-year limitations period."); <u>see also</u> <u>Williams v. Cain</u>, 2000 WL 863132, *2 (E.D. La. June 27, 2000) (Vance, J.) (quoting <u>Bogan v. Moore</u>, 55 F.Supp.2d 597, 599-600 (S.D. Miss. July 6, 1999)(Barbour, J.)) ("'Once the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief.'").  Accordingly;

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, James Cockerham, should be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[18]

New Orleans, Louisiana, this 23rd day of  February        , 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[18]Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.